IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| COLD MOUNTAIN STORAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 150536C |
| | ) | |
| v. | ) | |
| | ) | |
| UMATILLA COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter came before the court on motions filed by Defendant Umatilla County

Assessor (the County) and Defendant Oregon Department of Revenue (the Department).

Plaintiff filed its Complaint on December 31, 2015, seeking reductions in the real market value

of certain real property identified by five separate accounts for the 2015-16 tax year.  On

January 19, 2016, the Department filed a motion requesting to be dismissed as a named

defendant because it "was not responsible for valuation or assessment" of the property.  (Dept's

Mot  Dismiss at 1.)  On January 29, 2016, the County filed an answer that included an

affirmative defense requesting the dismissal of Plaintiff's appeal for lack of jurisdiction.

(County's Answer at 1.)

The court held an initial case management hearing on February 24, 2016.  On March 11,

2016, Plaintiff submitted a written document titled Plaintiff's Opposition to Defendant Oregon

Department of Revenue's Motion to Dismiss and Umatilla County's Affirmative Defense Based

Upon Lack of Jurisdiction (hereinafter referred to as Plaintiff's Response).  On April 4, 2016, the

County filed a Reply of Defendant Umatilla County Assessor in Support of Affirmative Defense

---

[1] This Final Decision of Dismissal incorporates the court's Decision, entered July 20, 2016.  The caption
has been altered to reflect the dismissal of Plaintiff's appeal.  There are no substantive changes.  The court did not
receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–
Magistrate Division (TCR–MD) 16 C(1).

Based on Lack of Jurisdiction (Reply). The County attached four exhibits to its Reply, including a 2015 Real Property Return for one of the five accounts at issue, sent to Plaintiff by the County, which was completed by Plaintiff on February 11, 2015, and received by the County on February 23, 2015. (County Reply at 1-2; Reply Ex 4 at 1.)

## I. STATEMENT OF FACTS

Plaintiff is the owner of certain property identified by the County as Accounts 164283, 110004, 111737, 109996, and 109964. (Stip Facts at 1.) Some of the property – two of the five accounts (Accounts 164283 and 110004) – is industrial property that was appraised by the Department until the 2015-16 tax year. (Dept's Mot Dismiss at 1.) The Department never appraised the property associated with the other three accounts. (*Id*.)

Plaintiff purchased the subject property on September 10, 2014. (Stip Facts at 1.) Plaintiff's street address is 605 Lamb Street, Milton-Freewater, OR 97862. (*Id.*) The prior owner of the property was an entity known as Blue Mountain Growers. (*Id*.)

A November 4, 2014, letter from the Department to the Umatilla County Assessor Paul Chalmers, was received by the County December 1, 2014, notifying it that appraisal responsibility for Accounts 164283, 110004, 130992, and 150815 would become the County's responsibility for the 2015-16 tax year. (County's Reply at 1; Reply Ex 1.) Two of those four accounts are under appeal in this case (Accounts 164283 and 110004), along with the three other nonindustrial accounts under appeal. In December 2014, the Department sent a letter to Vern Rodighiero of Blue Mountain Growers Inc, 231 E Broadway Milton-Freewater, OR 97862, stating that the responsibility for processing Plaintiff's Industrial Property Return had been transferred from the Department to the County. (Stip Facts at 1-2; Ex 2.)

/ / /

Plaintiff filed with the County a 2015 Real Property Return for one of the accounts under appeal that was previously appraised by the Department. (County's Reply at 2; Reply Ex 4.) Plaintiff filled out that return for Account 110004 and signed it on February 11, 2015; it was received by the County on February 23, 2015. (*Id*.) The County had mailed the blank return to Plaintiff sometime prior to February 11, 2015. (County's Reply at 1.)

Plaintiff was unhappy with the values later assigned to the accounts by the County for the 2015-16 tax year and filed a valuation appeal with this court seeking reductions in the real market values of Accounts 164283, 110004, 111737, 109996, and 109964 for tax year 2015-16 and "subsequent years." (Ptf's Compl at 1-2.) Plaintiff's Complaint was filed directly with this court on December 31, 2015. (*Id*. at 1.) Plaintiff named both the Department and the County as defendants. (*Id*.) The Department's motion to be dismissed as a named defendant is based on the premise that it did not have responsibility for appraising any of the property. (Dept's Mot Dismiss at 1.) The Department asserts that assessment responsibility for two of the five accounts under appeal was transferred to the County and that the other three accounts have never been state-appraised industrial property. (*Id.*) The Department asserts that "[i]f the county is the party responsible for the appraisal, the county assessor shall be named as defendant. ORS 305.560(1)(c)(A)." (*Id*.)

The County's Answer requests that Plaintiff's appeal be dismissed because none of the accounts under appeal "qualify as state-appraised industrial property for which ORS 305.403" (requiring appeals of such property to be filed directly with the Tax Court) "is applicable." (Answer at 1.) The County further asserts that Plaintiff did not file a valuation appeal with the Umatilla County Board of Property Tax Appeals (BOPTA) as provided by ORS 309.100, and their appeal should therefore be dismissed for lack of jurisdiction. (*Id*.) Plaintiff does not

challenge the claim that it did not file a petition with BOPTA, and the court accepts that statement as fact.

## II. ANALYSIS

The issues are: (1) whether the Department should be dismissed as a party defendant, and (2) whether Plaintiff's appeal should be dismissed for lack of jurisdiction.

In cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance of the evidence." ORS 305.427.[2] A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). Here, the Department and the County are seeking affirmative relief and they therefore bear the burden of proof.

A.  *Should the Department be dismissed as a defendant?*

Plaintiff's Complaint named both the County and the Department as Defendants. The Department is not a properly named defendant because it did not appraise any of the property under appeal. Plaintiff is therefore not aggrieved by "an act, omission, order or determination of the Department of Revenue," as provided in ORS 305.275(1)(a)(A). Here, it was the County that appraised Plaintiff's property. Under ORS 305.560(1)(c)(A), where "the county has made the appraisal," the complaint shall name the assessor as the defendant. Accordingly, the Department's motion is well taken and the Department is dismissed as a named party defendant.

Plaintiff asserts that "the property [does not] *qualify* as 'county appraised' industrial property * * * [because] not only must the Department of Revenue have delegated authority for assessment to the County but the County must have actually requested that delegation, before January 1 of the tax year at issue." (Ptf's Resp at 2) (emphasis added). Plaintiff cites

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

ORS 306.126(3)(a),(b) in support of that assertion. (*Id.*) Plaintiff is correct that ORS 306.126(3) requires that the county make a request to the department for the delegation of appraisal responsibility prior to January 1. Additionally, the rule provides that "[i]f the assessor requests the delegation of responsibility for a state-appraised industrial property, the request *shall* be in writing to the department prior to October 1." OAR 150-306.126-(C)(1) (emphasis added). Plaintiff correctly asserts in its Response that "there is not any evidence in the record that Umatilla County made such a request." (Ptf's Resp at 2.) However, a challenge to that delegation is taken by appealing to the Magistrate Division of the Tax Court, as provided in ORS 305.275(1)(a)(A) (providing for appeals to this court by taxpayers aggrieved by an act of the Department), and, under ORS 305.280(1), the time for challenging that delegation was "90 days [from the date] the act, omission, order or determination becomes actually known to the person."

The preponderance of the evidence shows that Plaintiff was aware of the shift in appraisal responsibility by February 11, 2015, when it filled out a Real Property Return it received from the County; a return it completed and returned to the County later that month. Plaintiff filed its appeal with this court on December 31, 2015, more than 10 months after it became aware the Department had delegated its appraisal responsibility to the County. And, three of the five accounts had never been appraised by the Department. Plaintiff's appeal to this court is well beyond the 90-day period provided in ORS 305.280(1). And, Plaintiff did not raise the challenge to the Department's delegation of appraisal responsibility until March 11, 2016, after the County moved to dismiss the appeal.

Moreover, if for some reason Plaintiff was not aware of the Department's action of delegating appraisal responsibility to the County, the outside deadline for appealing under

ORS 305.280(1) is "no [] later than one year after the act or omission has occurred, or the order or determination has been made." The act in this case occurred on November 4, 2014, the date the Department notified the County in writing that two of the accounts it had been appraising would become the responsibility of the County beginning with a 2015-16 tax year, and the County received that letter on December 1, 2014. (County's Reply at 1; Reply Ex 1.) Plaintiff's appeal to this court was filed on December 31, 2015, more than one year after those dates. Accordingly, Plaintiff cannot challenge the delegation, and the shift in appraisal responsibility stands.

B.     *Should Plaintiff's appeal be dismissed for lack of jurisdiction?*

The County appraised Plaintiff's property for the 2015-16 tax year. It had appraised three of the five accounts in prior years, and took over that responsibility for the remaining two accounts beginning with tax year 2015-16.

Generally speaking, property value appeals are first filed with BOPTA. ORS 309.100(1) ("Except as provided in ORS 305.403, the owner * * * of any taxable property * * * may petition the board of property tax appeals for relief as authorized under ORS 309.026."); ORS 309.026(2) (authorizing the board to hear petitions for value reductions). The deadline for filing such appeals is December 31 each year following the issuance of the annual property tax statements on or before October 25 as required by ORS 311.250. ORS 309.100(2). The complaint shall name the county assessor as the defendant. ORS 305.560(1)(c)(A). ORS 305.275(3) precludes an appeal to this court where "a taxpayer may appeal to the board of property tax appeals under ORS 309.100."

Under those statutes, Plaintiff was required to file a petition with BOPTA by December 31, 2015. As indicated above, Plaintiff did not file a petition with BOPTA. Instead,

Plaintiff filed its appeal directly with this court, contrary to the statutory procedure set forth above. Accordingly, the court has no jurisdiction to consider the appeal.

The court rejects Plaintiff's contention that the court should "hear the merits of plaintiff's claim under ORS 305.288 (3)." (Ptf's Resp at 3.) That statute allows the court to order a change or correction to the assessment and tax rolls where the "taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the [taxpayer's] failure * * * to pursue the statutory right of appeal." ORS 305.288(3). The term "[g]ood and sufficient cause" is defined as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). The statute specifically excludes "inadvertence, oversight, [and] lack of knowledge" from the definition of good and sufficient cause. ORS 305.288(5)(b)(B).

Plaintiff argues that good and sufficient cause exists because it never received the Department's notice that stated "responsibility for processing [the] company's Industrial Property Return (IPR) has been transferred from the Oregon Department of Revenue to the county assessor's office." (Ptf's Resp at 1, 3; Stip Ex 2.) Plaintiff also contends in its Response that "after the change [in responsibility for assessment], Department of Revenue employees continued to discuss the assessment and valuation of the industrial property with plaintiff's representatives." (Ptf's Resp at 1-2.) Plaintiff argues that lack of notice, "coupled with the 'relevant misleading information' from the Department of Revenue employee" constitute an extraordinary circumstance. (*Id*. at 3.)

There seems to be no dispute that the Department's notice regarding the transfer of the appraisal responsibility was sent to the previous owner at an address different than Plaintiff's

address, and that Plaintiff never received a copy of that letter. The likely explanation for that is the timing of the sale (September 10, 2014) and the date of the notice (December 2014). That fact notwithstanding, Plaintiff's argument fails for two reasons. First, there are no facts in evidence regarding the alleged conversations between Plaintiff's representatives and the Department; only Plaintiff's representations appearing in its Response.

Second, the facts tend to support the conclusion that Plaintiff more likely than not was aware of the change in appraisal responsibility. Assuming for the sake of argument that there were conversations between the Department and Plaintiff, there is no indication when they occurred or what was said. Plaintiff asserts in its Response that there was "ongoing communication with the Department of Revenue employee regarding valuation, well after the notice was sent out regarding the transfer of responsibility to Umatilla County." (Ptf's Resp at 4.) Those communications were allegedly between a Department employee and David Cochran (Cochran), one of the owners of the company. Plaintiff contends that "the logical conclusion of David Cochran was that his discussions with the [Department] employee regarding the assessment were with the authority who was overseeing the assessment of the industrial property * * * [and] he was misled by these conversations into believing he was dealing with the governmental agency that was actually responsible for assessment of the industrial property." (*Id*.) There is insufficient information for the court to draw the "logical conclusion" Plaintiff presses. And, there is evidence suggesting Plaintiff was aware of who was responsible for appraising its industrial property.

The County asserts in its Reply that two employees from the assessor's office spoke with Cochran. (County's Reply at 1.) The County included handwritten notes that it contends pertain to the discussions with those two individuals. (*Id*.; Reply Exs 2, 3.) The County asserts that, as a

result of the conversations with one of those employees, its account records were updated and Plaintiff was sent a Real Property Return. (County's Reply at 1.) The exhibit regarding that communication (Reply Ex 2) is inconclusive, but Plaintiff was sent a Real Property Return that it filled out on February 11, 2015 and then returned to the County, which received it on February 23, 2015. (County's Reply Exs 2, 4.) The fact that the County sent a Real Property Return to Plaintiff several months after its purchase buttresses the claim that one of the County employees, Terry Schuening, spoke with Cochran and then updated the County's assessment records. The conversations with the other employee, Steve Baker, allegedly "regard[ed] the details of the sale," as evidenced by "hand written notes * * * obtained from the discussion." (County's Reply at 1; Reply Ex 3.) The County's Reply Exhibit 3 does include a number of detailed handwritten notations on page 4 of the Statutory Warranty Deed for the sale of the property; notes regarding the date of the sale, the price paid, property purchased, and other facts regarding the history of some of the property acquired.

The court concludes that a preponderance of the evidence shows that, although Plaintiff did not receive the Department's official notification of the delegation of appraisal responsibility to the County, the County did communicate with Plaintiff's representative Cochran and, by sending the blank Real Property Return to Plaintiff, which Plaintiff filled out and returned to the County, Plaintiff had actual knowledge of the change in appraisal responsibility.

III. CONCLUSION

The court concludes that Plaintiff should have filed its tax year 2015-16 appeal for all five accounts with BOPTA prior to the December 31, 2015, deadline as provided in ORS 309.026 and ORS 309.100 because the County appraised Plaintiff's property. In such

/ / /

circumstances, ORS 305.275(3) precludes a taxpayer from appealing directly to this court. Now, therefore,

IT IS DECIDED that the County's affirmative defense requesting dismissal of the appeal for lack of jurisdiction is granted.

IT IS FURTHER DECIDED that the Department's request to be dismissed as a named defendant in this appeal is granted. The title of the case is amended as set forth above.

Dated this ____ day of August 2016.


_____
DAN ROBINSON
MAGISTRATE


***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on August 9, 2016.***